IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICRO MOTION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KROHNE, INC. and KROHNE MESSTECHNIK ) <br> GMBH & CO. KG, ) <br> ) <br> Defendants. ) | C.A. No. 09-CV-10319-NG |

**MICRO MOTION, INC.'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY KROHNE MESSTECHNIK GMBH & CO. KG**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, plaintiff Micro Motion, Inc. ("Micro Motion") hereby moves this Court to compel defendant Krohne Messtechnik GmbH & Co. KG ("Krohne KG", also referred to as "Krohne GmbH") to produce immediately documents and things in response to Micro Motion's First Set of Requests for Production of Documents. A supporting Memorandum and the Declaration of Megan Raymond ("Declaration") are being filed contemporaneously with this Motion.

In compliance with Local Rule 37.1(b), Micro Motion states as follows:

(1) Multiple discovery conferences have been held, beginning on June 1, 2010 and continuing on July 7, 2010 and August 27, 2010. Brian Carroll, counsel for Krohne KG, and Aaron Jacobs, counsel for Micro Motion, participated in the June 1, 2010 conference call, which lasted approximately one (1) hour. Mr. Carroll and Megan Raymond, also counsel for Micro Motion, participated in calls on July 7, 2010, and August 27, 2010, each of which lasted approximately 10 minutes or less. Despite these discovery conferences, Krohne KG has repeatedly failed to produce admittedly relevant and responsive documents and has refused to provide a date certain by which it would complete its production.

(2) Details regarding several discovery conferences are provided in the supporting Memorandum (*see* pages 3-7) and accompanying Declaration.

(3) Micro Motion sued Krohne, Inc. and Krohne KG for infringement of U.S. Patent No. 6,487,507. The particular facts relevant to the matters to be decided are provided in the Statement of Facts in the supporting Memorandum (*see* pages 2-7).

(4) Krohne KG's failure to produce documents responsive to Micro Motion's First Set of Requests for Production—including in particular Request Numbers 1, 3-7, 9-20, 22-23, 26-40, 42-52, 54-66, and 68-70—raises an issue to be decided by the Court:

    (a) Micro Motion's Request for Production Nos. 1, 3-7, 9-20, 22-23, 26-40, 42-52, 54-66, and 68-70: The Requests may be found at Exhibit 1 to the Declaration.

    (b) Krohne's Responses to Micro Motion's Requests for Production Nos. 1, 3-7, 9-20, 22-23, 26-40, 42-52, 54-66, and 68-70: Krohne interposed some objections to some (but not all) of the Requests for Production at issue. Notably, however, Krohne did not refuse to produce documents and things in response to these Requests. Rather, Krohne agreed that each of the Requests for Production at issue requested relevant documents and things and, with the exception of Request No. 34, agreed to produce documents in response thereto:

        (i) **Krohne's Responses to Request Nos. 1, 3-7, 9-10, 12-20, 23, 26-33, 35-39, 42-46, 48-52, 54-66, and 68-70**: "Subject to the foregoing objections and responding as narrowed by these objections Krohne GmbH . . . will produce non-privileged documents . . . provided such documents exist within Krohne GmbH's possession, custody, or control."

        (ii) **Krohne's Response to Request No. 11**: "Subject to the foregoing objections and responding as narrowed by these objections Krohne GmbH . . . will produce non-privileged representative samples . . . provided such documents exist within Krohne GmbH's possession, custody, or control."

        (iii) **Krohne's Response to Request No. 22**: "Subject to the foregoing objections . . . Krohne GmbH states that it will produce non-privileged documents responsive to this request, provided such documents exist within the Krohne GmbH's possession, custody or control. Krohne KG may supplement its response to this request as additional materials are obtained."

        (iv) **Krohne's Response to Request No. 34**: "Subject to the foregoing objections and responding as narrowed by these objections,

                Krohne GmbH states that the materials requested are publicly available."

    (v)    **Krohne's Response to Request No. 40**: "Subject to the foregoing objections and responding as narrowed by these objections, Krohne GmbH states that it will produce documents representative of displays at trade shows and literature distributed at such shows . . . provided such documents exist within Krohne GmbH's possession, custody, or control."

    (vi)    **Krohne's Response to Request No. 47**: "Subject to the foregoing objections and responding as narrowed by these objections, and when and to the extent Krohne GmbH determines the witnesses it intends to call at trial, Krohne GmbH will produce non-privileged communications from Krohne GmbH responsive to this request."

(5)    Micro Motion's Position: Krohne KG agrees that the above-identified Requests for Production ask for relevant documents and things, and further that Krohne must produce documents and things responsive thereto. Krohne has delayed nine (9) months in producing responsive documents and should therefore be compelled to produce such documents.

    (a)    Local Rule 37.1(b)(4) states that the memorandum accompanying a motion to compel shall include each "request for production . . . raising an issue to be decided by the court, and the response thereto . . . ." The instant Motion does not relate to the substance of the Requests nor Krohne KG's objections and responses. Indeed, Krohne KG admits that the documents sought by the 62 Requests at issue are relevant and should be produced. Instead, the instant Motion relates simply to Krohne KG's continuing and inexcusable failure to produce the responsive documents. As such, there is no argument about the substance of the 62 Requests and Micro Motion does not believe that it would benefit the Court to list the 62 individual Requests, objections and responses. They can be found at Exhibit 1 to the Declaration.

    (b)    Statements of Micro Motion's position as to the contested issue have been summarized above, and the legal authority and further discussion are provided in Micro Motion's supporting Memorandum and accompanying Declaration.

In sum, Krohne has failed and refused to produce materials and documents responsive to Micro Motion, Inc.'s First Set of Requests for Production. Micro Motion moves this Court to order Krohne KG to produce all documents and things responsive to its December 4, 2009 Request for Production Nos. 1, 3-7, 9-20, 22-23, 26-40, 42-52, 54-66, and 68-70 within 10 days

of its order.

Furthermore, because Krohne's nine-month failure and refusal to make discovery are inexcusable, Micro Motion asks this Court to award it its attorneys' fees and related costs incurred in bringing this Motion.

Dated:  September 4, 2010                    Respectfully submitted,

/s/Megan F. Raymond
Megan F. Raymond, *pro hac vice*
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, D.C.  20005-3948
(202) 508-4741
megan.raymond@ropesgray.com

John Kenneth Felter (BBO# 162450)
Aaron Jacobs, *pro hac vice*
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000
ken.felter@ropesgray.com

Jesse J. Jenner, *pro hac vice*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000
jesse.jenner@ropesgray.com

*Attorneys for Plaintiff Micro Motion, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being served on September 4, 2010, by ECF to Krohne's counsel of record registered with a courtesy copy being sent by Federal Express to:

Michael V. Dowd
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

and

David S. Safran
Roberts, Mlotkowski, Safran & Cole, P.C.
7918 Jones Branch Dr.
McLean, VA 22102

/s/ John Kenneth Felter
John Kenneth Felter BBO # 162450
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000
ken.felter@ropesgray.com

25321947_1