IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| MICRO MOTION, INC.,                               ) | |
|                                                              ) | |
|                          Plaintiff,              ) | |
|                                                              ) | |
| v.                                                           )  **C.A. No. 09-CV-10319-NG** | |
|                                                              ) | |
| KROHNE, INC. and KROHNE MESSTECHNIK ) | |
| GMBH & CO. KG,                                   ) | |
|                                                              ) | |
|                          Defendants.          ) | |
|                                                              ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF MICRO MOTION, INC.'S
SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS
BY KROHNE MESSTECHNIK GMBH & CO. KG**

# TABLE OF CONTENTS

Page

I.   INTRODUCTION.................................................................................................- 1 -

II.   STATEMENT OF FACTS...................................................................................- 2 -

    A.   Micro Motion's December 4, 2009 Requests for Production............................- 2 -

    B.   Krohne KG's Repeated Delays in Producing Documents....................................- 3 -

III.   KROHNE SHOULD BE ORDERED TO IMMEDIATELY
    PRODUCE DOCUMENTS RESPONSIVE TO
    MICRO MOTION'S REQUESTS ...................................................................- 7 -

    A.   Micro Motion Continues to be Prejudiced by Krohne
        KG's Failure to Produce Documents...................................................................- 7 -

    B.   The Federal Rules of Civil Procedure and Local Rules
        Require Krohne KG to Timely Produce Responsive Documents. ......................- 8 -

IV.   CONCLUSION ...................................................................................................- 9 -

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Afreedi v. Bennett*,
  517 F. Supp. 2d 521 (D. Mass. 2007) ...................................................................... 10

*Buchanan v. RPM Advantage, Inc.*,
  No. 07-cv40190, 2010 WL 1410533 (D. Mass., Mar. 30, 2010) ................................ 9

*CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA*,
  No. 08cv10142, 2010 WL 2292162, *7 (D. Mass, June 7, 2010) (Gertner, J.) ......................... 9

*Puma AG Rudolf Dassler Sport v. Payless ShoeSource, Inc.*,
  No. 06cv11943, 2008 WL 686592 at *1-*2 (D. Mass. Mar. 14, 2008); ................................. 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ....................................................................................................... 1

Fed. R. Civ. P. 34 ....................................................................................................... 1

Fed. R. Civ. P 37(a) .................................................................................................... 9

Fed. R. Civ. P 37(a)(2) ................................................................................................ 9

Local Rule 37.1 ........................................................................................................... 9

## I.       INTRODUCTION

Micro Motion, Inc. ("Micro Motion") submits this memorandum in support of its Second Motion to Compel Production of Documents by Defendant Krohne Messtechnik GmbH & Co. KG ("Krohne KG") to comply with Fed. R. Civ. P. 26 and 34 and to produce within ten (10) days of an order of this Court **all** documents and things responsive to Request Numbers 1, 3-7, 9-20, 22-23, 26-40, 42-52, 54-66, and 68-70 of Micro Motion's First Set of Requests for Production *served nine (9) months ago* on December 4, 2009  (Ex. 1).

Krohne KG has failed to make a significant production of documents despite (1) the Requests being served nine (9) months ago, (2) numerous broken promises to do so, and (3) numerous meet and confer discovery conferences and related written communications.  As with Micro Motion's First Motion to Compel, which was granted by the Court on May 24, 2010, Krohne KG (again) freely acknowledges that the requested documents are responsive and relevant and should be produced, and that its production is incomplete.  Krohne KG has not and cannot offer any legitimate excuse why it has not produced responsive documents for nine (9) months.   Nevertheless, Krohne KG simply continues to delay production.  As of today, Krohne KG has produced only 908 documents totalling 7,563 pages.

Yesterday, Krohne KG broke its latest promise to substantially complete production.  Krohne KG announced in an email that "there has been a further delay," Krohne KG "expects" to produce documents "by mid-next week."  But the production will not be complete –there is a "remainder" of Krohne KG's documents that "should follow very soon."  To put it bluntly, Micro Motion simply does not believe Krohne KG anymore.

Krohne KG's interminable delays in completing document production is increasingly prejudicial to Micro Motion.  The information sought by Micro Motion's document Requests is, not surprisingly, necessary to proceed with depositions and other discovery.  Micro Motion's

ability to identify deponents and notice depositions is dependent upon a complete production of documents by Krohne KG.  Micro Motion can no longer wait to see when and if Krohne KG will ever complete its production.  Neither can Micro Motion continue to rely upon Krohne KG's endless broken promises that completion of Krohne KG's production is just a few weeks away— it has been saying that for months, and it continues to say that.  Micro Motion therefore moves to compel Krohne KG to produce ***all*** responsive documents within ten (10) days after entry of this Court's order, and to award Micro Motion its attorneys' fees and costs related to bringing this Motion.

## II.   STATEMENT OF FACTS

### A.   Micro Motion's December 4, 2009 Requests for Production.

Micro Motion served its First Set of Requests for Production on Krohne KG nine (9) months ago on December 4, 2009.  (Declaration of Megan Raymond in Support of Micro Motion, Inc.'s Second Motion to Compel ("Raymond Decl.") ¶ 4, Ex.1).  Micro Motion had previously served substantially identical requests on Krohne, Inc. more than one year ago on August 5, 2009.  (*Id.* ¶ 5)[1].  Krohne KG responded to the Requests over seven (7) months ago on January 22, 2010.  (*Id.* ¶ 6, Ex. 2).  Out of 70 Requests for production, Krohne KG's responses indicated that it would produce responsive documents for 62 of those Requests.  (*See id.*).  Those 62 Requests are the subject of this Motion.[2]

---

[1]   Krohne KG and Krohne, Inc. are collectively referred to as "Krohne."  Some correspondence attached hereto refers to Krohne KG as Krohne GmbH.

[2]   Local Rule 37.1(b)(5) states that the memorandum accompanying a motion to compel should include each "request for production . . . and the response thereto . . . ."  The instant Motion, however, does not relate to the substance or scope of the Requests nor Krohne KG's objections and written responses to them.  Indeed, Krohne KG acknowledges that the documents sought by the 62 Requests at issue are relevant and should be produced.  Instead, the instant Motion relates simply to Krohne KG's continued failure to produce the responsive documents.  Therefore, since neither the Requests nor objections and responses are in dispute, Micro Motion

## B.      Krohne KG's Repeated Delays in Producing Documents.

Micro Motion previously moved to compel Krohne to produce documents and things on April 28, 2010.   *See* D.I. 42.   In particular, Micro Motion sought at that time materials "supporting" Krohne's Preliminary Invalidity and Non-Infringement Disclosures and documents "sufficient to show the operation" of the accused products.   Krohne was obligated to produce such materials and documents by *September 22, 2009*, seven (7) months earlier, pursuant to the Court's Scheduling Order.   Krohne was further obligated to produce these materials and documents pursuant to Micro Motion's First Set of Requests for Production.   As with the instant Motion, Krohne did not (and could not) dispute that the materials and documents were relevant; rather, as this Court noted, Krohne simply dragged its feet.[3]

Beginning June 1, 2010, over three (3) months ago, Micro Motion conferred with Krohne on numerous occasions regarding Krohne KG's failure to produce documents responsive to Micro Motion's Requests.   (*See, e.g.,* Raymond Decl. ¶¶ 7-9, 11-12, 15, 17, 18, 20, 22, Exs. 3 - 12.)[4]   Despite several commitments to undertake good faith efforts to complete production(s) by specific dates, Krohne KG has failed to meet each and every one of its promised deadlines.

---

does not believe that it would benefit the Court to list the 62 Requests, objections and responses.

[3]      As Magistrate Judge Robert B. Collings' Order granting Micro Motion's motion to compel pointed out:   "Counsel for the defendants agree that the plaintiff is entitled to the discovery which is sought; the only question is when the discovery will be produced.   On this issue, counsel filed a pile of documents six inches high.   The oral argument lasted an hour.   It is hard to avoid concluding that counsel's perspective on this case is badly skewed."

[4]      As stated, Micro Motion's April 28, 2010 motion to compel focused solely upon two issues, as those materials and documents were essential to Micro Motion's ability to prepare its Supplemental Preliminary Infringement Disclosures which were due shortly thereafter.   Notably, even after the Court ordered Krohne to produce such materials and documents, based upon subsequent Krohne KG productions, it appears that there are still many materials and documents regarding both Krohne's invalidity claims and the operation of the accused products that Krohne did not produce in compliance with the Court's Order.

Krohne KG continues to refuse even to provide a date certain by which it will complete its production.  (*See id*. ¶ 20, Ex. 11).

In an obvious reaction to this Court's grant of Micro Motion's April 28, 2010 First Motion to Compel, on May 24, 2010, Krohne threatened to move to compel Micro Motion to produce documents in response to all of its requests if Micro Motion did not produce all responsive documents by June 14, 2010.  (*Id*. ¶ 9, Ex. 5).  At that time (May 24, 2010), Krohne KG had produced only 323 pages of documents.  (*Id*. ¶ 10).

One week later, Micro Motion and Krohne met and conferred on June 1, 2010 about Krohne's demands of Micro Motion, as well as about Krohne's incomplete productions.  (*Id*. ¶ 7, Ex. 3).  During that discovery conference, Micro Motion agreed to substantially complete its production within one month, by July 1, 2010.  (*Id*.).  Krohne responded that it would also try to substantially complete its production of documents by *July 1, 2010*.  (*Id*.).  Khrone additionally agreed to provide status reports going forward regarding the July 1, 2010 target date, if warranted.  (*Id*.).

Three (3) weeks later, on June 22, 2010, Micro Motion wrote to Krohne asking for confirmation that Krohne KG's production would be substantially complete by July 1, 2010.  (*Id*. ¶ 11, Ex. 6).  Krohne responded on June 25, 2010, stating that "Krohne GmbH [is] endeavoring to complete [its] production of documents promptly" and expected to be able to "discuss in further detail . . . next week the anticipated time frame for these productions."  (*Id*. ¶ 12, Ex. 7).

Living up to its commitment, Micro Motion reviewed, processed and produced 1,355,156 pages of documents by July 1, 2010.  (*Id*. ¶ 13).  In contrast, as the July 1, 2010 deadline passed, Krohne KG had produced only 2,736 pages of documents.  (*Id*. ¶ 14).

Micro Motion and Krohne exchanged letters on June 22 and 25, 2010, and thereafter, and held another discovery conference on July 7, 2010.  (*Id.* ¶¶ 11, 12, 15 Exs. 6-8).  Before that time, as promised, Micro Motion had produced substantially all of its documents.  However, despite its earlier commitment to produce by July 1, 2010, on July 7, 2010, Krohne stated that it expected Krohne KG's production would be complete by the *first week of August*, and that rolling productions might start before then.  (*Id* ¶ 15, Ex. 8).  Krohne also stated that it would have more information about Krohne KG's production in one week (by July 14, 2010), and that Krohne would update Micro Motion about the status of the production at that time.  (*Id.*).

On July 7, 2010, Micro Motion emailed Krohne to memorialize that day's discovery conference and to request that Krohne KG inform Micro Motion if, for any reason, its production would not be complete by August 6, 2010.  (*Id.*).  Krohne did not respond and did not provide an update, as promised.  (*See id* ¶¶ 15-17, Ex. 9.).

Having received no reply to the July 7, 2010 email, on July 19, 2010, Micro Motion wrote again to Krohne, requesting confirmation that Krohne KG's production would be substantially completed by the first week in August.  Micro Motion also requested an update as to whether Krohne KG expected to produce documents on a rolling basis before the first week in August, as discussed during the July 7, 2010 discovery conference.  (*Id.* ¶ 17, Ex. 9.)

Micro Motion and Krohne spoke again on July 20, 2010.  (*Id.* ¶ 8, Ex. 10.).  Krohne stated that it now expected Krohne KG's production would occur on *August 13, 2010* (not by August 6, 2010).  (*Id.*).  (By then Krohne KG's initially agreed-upon July 1, 2010 production date had been extended by six (6) weeks.)  For the first time, Krohne stated that producing documents the first week in August was not possible because of the July 28, 2010 claim construction hearing, which had been scheduled many weeks earlier.  (*Id.*).  Krohne also stated

that it hoped that its August 13, 2010 production would make Krohne KG's production substantially complete, but that an additional production might occur two weeks thereafter. (*Id.*). July 20, 2010 was the first time that Krohne mentioned that Krohne KG's production would not be substantially complete by the first week of August.

Once again, Micro Motion did not receive a significant number of documents by August 13, 2010. (*Id.* ¶¶ 19, 20.). On August 17, 2010, Micro Motion sent Krohne an email stating that Micro Motion had not received the promised production and that it would move to compel production of documents if Micro Motion did not receive a substantial production promptly. (*Id.* ¶ 20, Ex. 11.) Krohne responded that a production from Krohne KG was mailed on *August 16, 2010* (not August 13, 2010), but acknowledged that the Krohne KG production was not substantially complete. (*Id.*). When Micro Motion received the August 16, 2010 production, it totaled only about 4,280 pages of documents.[5] (*Id.* ¶ 21.). This time, Krohne stated: "I anticipate sending a second wave of production at the end of next week, by *Aug. 27, 2010*. The third - and what I believe will be final - wave should be ready for production no later than *two weeks after that date*, although *I cannot now commit to a date*. These time periods are based primarily on the time necessary to process substantial amounts of data." (*Id.* ¶ 20, Ex. 11) (emphasis added).

About a week ago, on August 27, 2010, Krohne informed Micro Motion that the *production promised for August 27, 2010 was further delayed*. (*Id.* ¶ 8, Ex. 4.). Krohne stated that a few documents would be produced that day, but that a substantial production would not be forthcoming for another week or so. (*Id.*). Krohne would not provide an estimate as to the size of that day's production or the sizes of any future productions. (*Id.*). Krohne also indicated that

---

[5]      Thus, by August 16, 2010, Krohne KG had produced only 7,563 pages of documents.

the next production would not be the last production, and that there would be *at least one more*

*production after the August 27, 2010 production.*  (*Id.*).

Yesterday afternoon (September 3, 2010) was the last straw.  Despite Krohne KG's

representation that it would make a substantial production by then, Krohne KG has reneged

again.  Micro Motion quotes here in full Krohne KG's email received yesterday at 4:21 P.M.

(Raymond Decl ¶ 22, Ex. 12 (emphasis added)):

> We informed you last week that Krohne GmbH planned to make
> its next wave of document production today, September 3, 2010.
> In that regard, Krohne GmbH has collected and prepared
> approximately 1 million pages of responsive materials for
> production.  Unfortunately, I am informed that ***there has been
> further delay*** in processing the materials.  ***We expec****t* to have these
> materials produced by mid-next week.  ***The remainder of Krohne
> GmbH's production*** should follow ***very soon*** behind this
> production.  We apologize for the delay.

Despite nine (9) months having passed since Micro Motion's document Requests were

served, Krohne GmbH has not produced even 1,000 documents.  (*Id.* ¶ 21.).  The number of

pages produced by Krohne KG totals only 7,563.  (*Id.*).

Now, Krohne unilaterally announces further delays, production again "next week", and

still more to come at some indefinite date in the future.  Plainly, Krohne does not believe that it

is subject to the Federal Rules of Civil Procedure and continues to flout its obligations to make

discovery.

## III.   KROHNE SHOULD BE ORDERED TO IMMEDIATELY PRODUCE
DOCUMENTS RESPONSIVE TO MICRO MOTION'S REQUESTS

### A.   Micro Motion Continues to be Prejudiced by Krohne KG's Failure to Produce Documents.

Micro Motion continues to be prejudiced as a result of Krohne KG's totally inexcusable

nine-month delay in producing documents. For example, as a result of Krohne KG's failure to

produce its documents, Micro Motion has not been able to notice and take depositions of any

Krohne KG witnesses.[6]   The information Micro Motion seeks is highly relevant to, *inter alia*, Micro Motion's infringement claims against Krohne, Micro Motion's validity arguments, Micro Motion's claims for damages, and Micro Motion's responses to Krohne's affirmative defenses. The Krohne KG employees that Micro Motion notices for depositions will be determined in large part by information contained in the documents eventually produced by Krohne KG.[7]  Further, if Micro Motion were to notice and take depositions of Krohne KG witnesses before receiving a complete production of Krohne KG documents, it is likely that such depositions would need to be resumed after Krohne KG's production is complete.

Krohne now represents that a million or more pages –most likely in German – will be produced after more than a nine-month delay, creating an enormous backlog of fact discovery.[8]

**B.   The Federal Rules of Civil Procedure and Local Rules Require Krohne KG to Timely Produce Responsive Documents.**

Federal Rule of Civil Procedure 37(a) authorizes a party to apply for an order compelling discovery.  Rule 37(a)(2) and Local Rule 37.1 further require a party filing such a motion to make a good faith effort to obtain the required disclosures by meeting and conferring with the adverse party prior to filing a motion.  Micro Motion more than satisfied its obligation by scheduling and participating in several discovery conferences and by exchanging numerous emails and letters with Krohne, as detailed above.  Enough is enough.  At some point, Krohne's stalling and delaying must come to an end.

---

[6]   Because Micro Motion anticipates that many of the documents produced by Krohne KG will be in German, additional time will be necessary to translate those documents.

[7]   In fact, because of the corporate and business relationships between Krohne KG and Krohne, Inc., Micro Motion's ability to notice the depositions of Krohne, Inc. employees has also been delayed due to Krohne KG's failure to produce documents.

[8]   For all of these reasons, Micro Motion contemplates asking Krohne to join in a motion to set a reasonable schedule to complete discovery.  If Krohne will not join, Micro Motion will move on its own.

Courts routinely grant orders compelling production of documents in circumstances much less egregious than Krohne's history of failures and false promises.  *See, e.g., CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA*, No. 08-cv-10142, 2010 WL 2292162, at *7 (D. Mass, June 7, 2010) (Gertner, J.) (referring to Court's granting motion to compel production of documents); *Buchanan v. RPM Advantage, Inc.*, No. 07-cv-40190, 2010 WL 1410533 at, *1 (D. Mass., Mar. 30, 2010) (referring to Court's granting motion to compel when defendants responded to discovery requests with objections but not responsive documents); *Puma AG Rudolf Dassler Sport v. Payless ShoeSource, Inc.*, No. 06-cv-11943, 2008 WL 686592 at *1-*2 (D. Mass. Mar. 14, 2008); *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 524 (D. Mass. 2007) (granting motion to compel and motion for attorneys' fees and costs where party failed to produce documents for about five months after document requests were served).

Because Krohne KG has repeatedly failed to produce documents, and because Krohne's numerous broken promises – as recently as yesterday – are preventing Micro Motion from proceeding with discovery, Krohne KG should be compelled to produce **all** its (admittedly) responsive documents immediately.

## IV.    CONCLUSION

Micro Motion requests that this Court order that Krohne KG, within ten days of its order, produce all documents and things responsive to Micro Motion's First Set of Requests for Production Numbers 1, 3-7, 9-20, 22-23, 26-40, 42-52, 54-66, and 68-70.

In addition, because Krohne's chronic failure to make discovery, nine (9) months after the Requests were served, is totally inexcusable and has unnecessarily multiplied these proceedings, Micro Motion asks this Court to award to Micro Motion its attorneys' fees and related costs incurred in bringing this Motion.

Respectfully submitted,

MICRO MOTION, INC.

By its attorneys,

/s/ John Kenneth Felter
John Kenneth Felter (BBO# 162540)
Aaron Jacobs, *pro hac vice*
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000
ken.felter@ropesgray.com
aaron.jacobs@ropesgray.com

Jesse J. Jenner, *pro hac vice*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000
jesse.jenner@ropesgray.com

Megan F. Raymond, *pro hac vice*
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, D.C.  20005-3948
(202) 508-4741
megan.raymond@ropesgray.com

Dated:  September 4, 2010

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document is being served on September 4, 2010, by ECF to

defendants' counsel of record registered with a courtesy copy being sent by Federal Express to:

      Michael V. Dowd
      Foley Hoag LLP
      Seaport World Trade Center West
      155 Seaport Boulevard
      Boston, MA 02210-2600

and

      David S. Safran
      Roberts, Mlotkowski, Safran & Cole, P.C.
      7918 Jones Branch Dr.
      McLean, VA 22102

                   /s/ John Kenneth Felter
                   John Kenneth Felter (BBO # 162540)
                   ROPES & GRAY LLP
                   One International Place
                   Boston, MA 02110
                   (617) 951-7000
                   ken.felter@ropesgray.com