IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICRO MOTION, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KROHNE, INC., and, )<br>)<br>KROHNE MESSTECHNIK GmbH & Co. KG )<br>)<br>Defendants. )<br>) | C.A. No. 09-CV-10319-NG |

## OPPOSITION OF DEFENDANT KROHNE MESSTECHNIK GMBH TO MICRO MOTION, INC.'S SECOND MOTION TO COMPEL DISCOVERY

This discovery motion is the *second* motion filed by Micro Motion that: (a) ignores the meet-and-confer requirement of this Court's Local Rules; (b) addresses issues that are fully moot or not disputed; (c) wastes the time and resources of this Court and the defendants; and (d) after running up costs unnecessarily, seeks an award of attorney fees. This second motion also ignores this Court's May 24, 2010 warning to Micro Motion concerning over-litigating and unnecessary motion practice.

The production that Micro Motion seeks to compel from Krohne GmbH is complete and was never in dispute. Therefore, this Court should deny the motion as moot, deny Micro Motion's request for fees, and enter an Order reminding Micro Motion of its obligation to confer with opposing counsel, in person or by telephone, prior to filing any further discovery motions.

**I. Micro Motion's arguments to compel discovery are moot and its motion unnecessary.**

Before Micro Motion filed this motion (on September 4, 2010, the Saturday of Labor Day weekend), Krohne Messtechnik GmbH ("Krohne") agreed to produce *all* of the materials Micro Motion seeks to compel. Indeed, Krohne informed Micro Motion on September 3, one day

before Micro Motion filed its motion, that Krohne would be producing all of the requested materials within ***days***.[1]  As promised, Krohne did produce ***all*** of the requested materials in the days following its September 3, 2010 email to Micro Motion.  Specifically, Krohne produced more than one million pages on the next business day, Tuesday, September 7, 2010.  Krohne made an additional production on Friday, September 10, 2010 and effectively completed its production Monday, September 20, 2010.  These three productions were in addition to prior productions by Krohne of documents showing the design and operation of all the accused products (including product manuals, product drawings, and product samples).  Given the breadth of Micro Motion's requests, the amount of material produced, and the extreme cost of processing electronic data, Krohne's responses to Micro Motion's requests for documents have been reasonable.  The timing of Krohne's productions has also been commensurate with Micro Motion's production schedule.[2]

Krohne's production was delayed approximately one month beyond the "early August" estimate Krohne originally provided to Micro Motion, to which Micro Motion did not object.  *See* Raymond Decl., Exs. 7, 8, 11.  Micro Motion also never objected when informed by Krohne of the technical complications that caused the modest delay.

In light of the foregoing, this Court should deny Micro Motion's motion to compel as moot and unnecessary.

---

[1] Micro Motion did not respond to the September 3, 2010 email from Krohne's counsel.

[2] The time taken by Krohne to complete its production is on par with the time taken by Micro Motion to respond to defendants' document requests.  Krohne, Inc. served requests for production of documents on Micro Motion on December 4, 2009 (the same day as the Requests to Krohne that are the subject of this motion).  Micro Motion is still in the process of producing documents, with its most recent production on ***August 27, 2010***, days before Krohne's recent production.

**II. <u>Micro Motion again ignored the meet-and-confer requirements of the Local Rules</u>.**

Local Rule 7.1(a)(2) of this District states, clearly, that: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Micro Motion's motion does not contain any such certification. Local Rule 37.1(a) further imposes a burden on Micro Motion's counsel to arrange a telephone conference prior to filing a discovery motion in a good faith attempt "to narrow the areas of disagreement ***to the greatest possible extent***." (emphasis added). Micro Motion never requested or participated in any such conference.

In fact, Micro Motion never even suggested to Krohne, prior to its motion, that Micro Motion expected a complete document production by a date certain (as it now requests) or that it intended to file a motion if Krohne did not make its production on September 3, 2010.[3] The parties' discussions prior to this motion are best summarized in the email sent by Krohne's counsel on August 17, 2010. *See* Raymond Ex. 11. In that email, Krohne provided Micro Motion the best information then available concerning the expected time frame for completing its production. Micro Motion did not respond (let alone object) to the email or the expected production schedule. Although Krohne missed its initial target date of August 27, 2010 by one week, Krohne did make both its first and second productions as promised in that email, within two weeks of August 27, 2010, by September 10, 2010. *See id*.

Micro Motion points to two telephone conferences in an attempt to excuse its failure to confer with Krohne prior to filing this motion. The first conference occurred on July 7, 2010, nearly two months before Micro Motion filed this motion. That conference did not address the

---

[3] Krohne informed Micro Motion in an email on August 27, 2010 that it "planned" its production to be made "as soon as possible," *i.e.*, by September 3, 2010, as a good faith attempt to keep Micro Motion informed about the status of its production. *See* Raymond, Ex. 4. Micro Motion did not respond to that email from Krohne's counsel. The parties certainly never agreed that September 3 would be a deadline.

relief Micro Motion seeks in this motion.  The second, short telephone conversation identified by Micro Motion occurred on August 27, 2010 and was initiated by ***Krohne's*** counsel.  Krohne's counsel, Mr. Carroll, called Ms. Raymond to explain the technical difficulties that were delaying Krohne's production.  At that time, Ms. Raymond did not object to the additional delay and thanked counsel for the update.  At no time did Micro Motion request a date certain by which Krohne would produce additional responsive documents.  The parties never discussed Micro Motion's intent to file a motion to compel.  Indeed, not one of the items of correspondence attached to Ms. Raymond's declaration either: (1) sets an agreed upon date certain for Krohne's additional production; (2) mentions a possible motion to compel; or (3) requests a conference pursuant to Local Rule 7.1(a)(1) or Local Rule 37.1(a).

This Court previously warned Micro Motion about filing unnecessary discovery motions. In response to Micro Motion's first discovery motion, which included filings by Micro Motion of more than 375 pages of argument and exhibits, concerning issues not disputed by Krohne, this Court said: "if there ever was a poster child for an overly-litigated motion, this has got to be it. . . .  It is hard to avoid concluding that counsel's perspective on this case is badly skewed." *See* May 24, 2010 docket entry.  Nevertheless, Micro Motion's counsel proceeded to file this second motion without warning or notice to Krohne, the initial filing comprising a total of 124 pages.  Both of these motions (and the resultant expense) could have been avoided had Micro Motion's counsel simply picked up the telephone or otherwise responded to Krohne's September 3, 2010 email.

Because Micro Motion has again ignored the meet-and-confer requirements of this District's Local Rules and, as a result, imposed unnecessary burden on the Court and the Defendants (not to mention the associate who was tasked to file Micro Motion's motion on the

Saturday of the Labor Day weekend), the Court should deny this motion as moot and order

Micro Motion to comply with the meet-and-confer requirements of the Local Rules before filing

any further discovery motions.

|  |  |
|---|---|
|  | KROHNE, INC., AND |
|  | KROHNE MESSTECHNIK GMBH |
|  | By its attorneys, |
| Dated:  September 20, 2010 | /s/ Brian C. Carroll |
|  | Donald R. Ware (BBO No. 516260) |
|  | Michael V. Dowd (BBO No. 630267) |
|  | Brian C. Carroll (BBO No. 658940) |
|  | FOLEY HOAG LLP |
|  | 155 Seaport Boulevard |
|  | Boston, MA 02210 |
|  | Telephone: (617) 832-1000 |
|  | Fax: (617) 832-1000 |
|  |  |
|  | David S. Safran (*pro hac vice*) |
|  | Roberts Mlotkowski, Safran & Cole, P.C. |
|  | 7918 Jones Branch Drive |
|  | McLean, VA 22102 |
|  |  |
|  | *Attorneys for Krohne, Inc. and* |
|  | *Krohne Messtechnik GmbH* |

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing document was served on counsel for Micro Motion, Inc. via the Court's CM/ECF system.

Dated:     September 20, 2010

/s/ Brian C. Carroll
Brian C. Carroll